```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     CHARLOTTE DIVISION
                      3:06CV83-02-V
                      (3:01CR127-V)
```

| | |
|---|---|
| **ANTHONY JARON RICHARDSON**     ) | |
|     **Petitioner,**     ) | |
|                           ) | |
|     v.                   )    | <u>O R D E R</u> |
|                           ) | |
| **UNITED STATES OF AMERICA,**    ) | |
|     **Respondent.**     ) | |
| _____) | |

**THIS MATTER** is before the Court on the petitioner's "Motion to Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed February 23, 2006. For the reasons stated herein, the petitioner's Motion to Vacate will be <u>dismissed</u> as time-barred.

### I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the record underlying his criminal case, on July 10, 2001, a Bill of Indictment was filed, charging the petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1) (Count One); with using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §924(c)(1) (Count Two); and with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1) (Count Three). On July 26, 2001, the government filed a Notice pursuant to 21 U.S.C. §851, indicating that the petitioner previously had sustained a drug conviction; and that it intended to seek an enhanced punishment

if it obtained a conviction on the drug charge that he then was facing.

On January 18, 2002, the petitioner appeared before the Court and tendered "straight-up" guilty pleas to all three of his charges. On that occasion, the Court engaged the petitioner in a lengthy colloquy to ensure that his guilty pleas were being intelligently and voluntarily tendered. In response to the Court's numerous questions, the petitioner swore, <u>inter alia</u>, that he had fully discussed his case with his attorney; that he understood the charges and penalties which he was facing, particularly as they were explained by the Court and by his attorney; and that he and counsel had fully discussed any defenses he might have had to the subject charges.

In addition, the petitioner advised the Court that no one had threatened, intimidated, or forced him into pleading guilty, and no one had made him any promises of leniency in order to induce his pleas. On the contrary, the petitioner told the Court that he was tendering his pleas because he, in fact, was guilty of the subject offenses. The petitioner also swore that he was satisfied with his attorney's services. Thus, after hearing the petitioner's answers to each of its questions, the Court accepted his guilty pleas.

Thereafter, on October 16, 2002, the Court held the petitioner's Factual Basis & Sentencing Hearing. At the outset of that hearing, the petitioner reiterated several of his earlier

sworn representations, including that he had thoroughly reviewed these matters with counsel, he was guilty of the subject charges, and he was satisfied with his attorney's services.

Critical to the instant Motion, the petitioner also advised the Court that he, in fact, had been convicted of the felony offense which was listed in the government's §851 Notice. In fact, when the Court explained to the petitioner that he could object or disagree that such conviction was his offense, the petitioner declined to do so.

Next, the Court determined, consistent with the petitioner's Pre-Sentence Report, that although the petitioner's Offense Level and Criminal History Category were 31 and III, respectively, the petitioner was subject to statutory minimum mandatory terms of 240 months imprisonment on the drug conviction, 120 months imprisonment for his conviction on the felon-in-possession charge, and a consecutive 60-month term for the other firearm conviction. Thus, at the conclusion of the Hearing, the Court sentenced the petitioner to the above noted terms, that is, to a total of 300 months imprisonment.

Following his Sentencing Hearing, the petitioner timely appealed his case to the Fourth Circuit Court of Appeals. However, the government filed a Motion to Dismiss the petitioner's appeal, and so by mandate issued July 17, 2003, the petitioner's appeal was dismissed.

Now, after allowing more than 32 months to pass since his

appeal was dismissed, on February 23, 2006, the petitioner filed the instant Motion to Vacate. By his Motion, the petitioner challenges the effectiveness of counsel during his pre-trial proceedings, and he challenges the propriety of his conviction under 18 U.S.C. §922(g) on two separate grounds.

More particularly, the petitioner first claims that his counsel was ineffective for not having conducted an investigation which somehow would have revealed that the matter which was listed in the government's §851 Notice did not constitute a felony conviction, because he was convicted upon his "no contest" plea, not upon a "guilty" plea. Second, the petitioner alleges that since he did not sustain a felony conviction as asserted in the §851 Notice, he could not legally be charged with or convicted of the §922(g) offense. Last, the petitioner alleges that his conviction for the §922(g) charge somehow violates the Full Faith and Credit clause of the U.S. Constitution.

Apart from his claims, the petitioner obviously has recognized that his Motion to Vacate likely would be construed as time-barred; thus, he set out in his Motion to establish that his claims somehow were timely presented as required by the Anti-terrorism and Effective Death Penalty Act of 1996 (the "AEDPA" hereafter). Specifically, the petitioner asserts that his Motion should be construed as timely filed because: 1) his attorney failed to inform him that his writ of certiorari had been denied; 2) he actually is innocent of the §922(g) charge; 3) his sentence

was enhanced based upon a "'bogus' information"; and 4) he is attempting to correct a "jurisdictional defect." In addition, the petitioner asserts that the limitations period should be equitably tolled because the AEDPA "violates the separation of power clause of the U.S. Constitution by imposing restriction[s] on the federal courts . . . ."

However, it is clear on this record that the petitioner's explanations concerning the timeliness of his Motion are far from compelling. That is, the Court finds that despite his having been given an opportunity to do so,[1] the petitioner has failed to articulate a proper basis for extending the applicable limitations period. Likewise, the petitioner has failed to articulate a reason why his 2004 filing deadline should be equitably tolled. Therefore, the petitioner's Motion to Vacate must be <u>dismissed</u> as time-barred.

## II.  <u>ANALYSIS</u>

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal <u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal motion to vacate forms to comply with <u>Hill</u>. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that the petitioner has attempted to address the timeliness of his Motion to Vacate–-albeit unsuccessfully–-the Court concludes that he has been given every opportunity to which he is entitled in this regard, and no further warning is required for him.

As was noted on the petitioner's Motion to Vacate form, in 1996 Congress enacted the "AEDPA". Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record indicates that the petitioner's direct appeal was summarily dismissed by the Fourth Circuit's mandate issued on July 17, 2003. Thus, even assuming that a petition for certiorari review could have been filed after that summary dismissal--a matter which is not altogether clear, the petitioner's convictions and sentences became final no later than October 17, 2003--that is, at the expiration of the 90-day period during which the certiorari petition would have been due at the U.S.

Supreme Court.  Accordingly, by the Court's calculations, the petitioner had up to and including October 17, 2004 in which to file the instant Motion to Vacate.  Suffice it to say, however, the petitioner did <u>not</u> file this Motion by that date.  Furthermore, the petitioner's explanations as to why the instant Motion should be deemed timely filed are woefully inadequate.

    To be sure, the petitioner first asserts that his Motion should be considered timely filed because his former attorney "never informed [him] that [his] writ of certiorari had been denied."  However, as has been noted by the Court, no certiorari petition ever was filed in this case.  Moreover, the petitioner does not claim either that he asked counsel to file the petition or that counsel promised to file that document.  Thus, it appears that the petitioner's delay was based solely upon his mistaken assumption that a writ was filed.  Ultimately, then, given that mistake, and the fact that the petitioner does not claim that during the period of his delay he attempted to discover the status of his case but was unable to do so due to no fault of his own, the petitioner simply cannot rely on this proffered ground in order to somehow render his Motion timely filed.

    As for his assertions of actual innocence, "bogus information," and jurisdictional defect--which directly contradict the petitioner's earlier admissions at Sentencing--those matters cannot render this Motion timely filed in any event.  Indeed, the basis for those assertions is the petitioner's claim that he did

7

not sustain the felony conviction which was listed in the government's §851 Notice. However, even assuming for the sake of argument that the conviction in question was not a felony conviction, that is a matter of which the petitioner knew or should have known prior to the expiration of his one-year limitations period. Consequently, there is nothing about those assertions which precluded the petitioner from timely filing this Motion to Vacate.

Finally, with regard to his argument that the one-year limitation period should be equitably tolled due to the unconstitutional nature of the AEDPA, such argument still cannot render the petitioner's Motion timely filed. To be sure, contrary to the petitioner's position, the Fourth Circuit previously found that the AEDPA does not impermissibly limit federal courts' power to enforce federal law. See Mueller v. Angelone, 181 F.3d 557, 572-73 (4th Cir. 1999). In sum, the petitioner has failed to show the existence of any "rare instances" which would make it unconscionable for this Court to enforce the limitations period against him. Consequently, the time during which the petitioner delayed bringing this Motion cannot be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc) (discussing the requirements for equitable tolling), cert. denied, 125 S.Ct. 209 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

### III.  CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring Motions to Vacate under 28 U.S.C. 2255 do so within the time limitations prescribed by that statute.  Here, the petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed.  Accordingly, the petitioner's Motion to Vacate shall be <u>dismissed</u>.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: March 1, 2006

Richard L. Voorhees
Chief United States District Judge