**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-487-RLV
(3:01-cr-127-MR-1)**

| | |
|---|---|
| **ANTHONY JARON RICHARDSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under Simmons:[1] Petition for Relief Under 28 U.S.C. § 2241, Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*, (Doc. No. 1).

**I.     BACKGROUND**

Petitioner was indicted in the underlying criminal case for: Count (1), possession with intent to distribute 50 grams of a mixture and substance containing a detectable amount of cocaine base (21 U.S.C. §§ 841(a), 851); Count (2), using and carrying a firearm during and in relation to a drug trafficking crime and possession in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)); and Count (3), possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)). (3:01-cr-127, Doc. No. 1) (Indictment). The United States filed a Notice pursuant to 21 U.S.C. § 851 notifying Petitioner that it intended to seek an enhanced penalty for his prior conviction for a "drug felony offense," *i.e.*, his November 30, 2000 North Carolina conviction for possession with

---

[1] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

1

intent to sell or deliver cocaine. (3:01-cr-127, Doc. No. 7) (Notice of Intent to Seek Enhanced Penalty). That same prior conviction also supported Count (3) alleging possession of a firearm by a convicted felon. (3:01-cr-127, Doc. No. 1) (Indictment). Petitioner entered a straight-up guilty plea which was accepted on January 18, 2002.

The Presentence Investigation Report ("PSR") scored the base offense level for Count (1) as 34 based on the quantity of drugs for which Petitioner was responsible. (3:01-cr-127, Doc. No. 31 at ¶ 16) (PSR). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. (3:01-cr-127, Doc. No. 31 at ¶¶ 22, 23, 25). No guideline calculations were provided for Count (2) because a conviction of § 924(c) requires a mandatory statutory sentence. (3:01-cr-127, Doc. No. 31 at ¶ 26). The base offense level for Count (3) was scored as 20 because the offense was a violation of § 922(g). (3:01-cr-127, Doc. No. 31 at ¶ 27). Four levels were added because Petitioner possessed a firearm with knowledge, intent, or reason to believe that it would be used or possessed with another felony offense, drug trafficking. (3:01-cr-127, Doc. No. 31 at ¶ 28). Three levels were deducted for acceptance of responsibility, resulting in a total offense level for Count (3) of 21. (3:01-cr-127, Doc. No. 31 at ¶¶ 33, 34, 36). Petitioner had two criminal history points and two more points were added because Petitioner was on supervised probation when he committed the instant offenses. (3:01-cr-127, Doc. No. 31 at ¶¶ 42, 43). This resulted in a total of four criminal history points and a criminal history category of III. (3:01-cr-127, Doc. No. 31 at ¶ 44). The resulting guidelines imprisonment range was 135 to 168 months for Counts (1) and (3) and a mandatory statutory sentence of five years, consecutive, for Count (2). (3:01-cr-127, Doc. No. 31 at ¶¶ 61, 62).

In a Judgment docketed on October 24, 2002, the Court adjudicated Petitioner guilty and sentenced him to 240 months' imprisonment for Count (1), 120 months' imprisonment for Count

2

(3), concurrent, and 60 months for Count (3), consecutive, followed by 10 years of supervised release for Counts (2) and (3) and three years for Count (1), concurrent. (3:01-cr-127, Doc. No. 21) (Judgment). Petitioner's direct appeal was dismissed on June 25, 2003, Fourth Circuit case number 02-4909.

Petitioner filed a § 2255 Motion to Vacate in 2006 which was dismissed as time-barred on March 2, 2006, case number 3:06-cv-83. The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. Richardson, 199 Fed. Appx. 200 (4th Cir. 2006). Petitioner subsequently sought authorization from the Fourth Circuit to file a second or successive § 2255 Motion to Vacate, which was denied. See (3:01-cr-127, Doc. No. 53) (Order).

Petitioner filed two Motions seeking sentence reduction for his crack cocaine offense pursuant to 18 U.S.C. § 3582, which were denied because Petitioner's guideline range was unchanged due to the mandatory statutory sentence. See (3:01-cr-127, Doc. No. 37, 44, 45, 52) (Motions to Modify Sentence, Orders).

On January 19, 2017, President Obama commuted Petitioner's total sentence of imprisonment, effective January 19, 2019, but left the supervised release intact. (3:01-cr-127, Doc. No. 57) (Executive Grant of Clemency).

Petitioner filed the instant § 2241 Petition through counsel on August 26, 2013. He argues that his sentence for Count (1) is 10 years longer than he should have received for violating § 841 and that he is actually innocent of violating § 922(g)(1) in Count (3) because he has never been convicted of an offense for which he could have been sentenced to more than one year in prison pursuant to Simmons.

This case has been stayed since September 29, 2016 pursuant to United States v. Surratt,

14-6851[2] and United States v. Wheeler, (4th Cir. 2018). See (Doc. No. 7, 10). This matter is ripe for disposition now that the Supreme Court denied certiorari in Wheeler, 139 S.Ct. 1318 (2019).

The United States has filed a Response to the § 2241 Petition arguing that the claim for sentencing relief should be dismissed as moot because President Obama has commuted the sentence. However, the United States agrees that the Court should vacate Petitioner's felon-in-possession conviction in Count (3). (Doc. No. 14).

## II. DISCUSSION

Section 2255 is inadequate and ineffective to test the legality of a sentence under the "savings clause" when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. 28 U.S.C. § 2255(e); Wheeler, 886 F.3d at 429.

Petitioner previously filed a § 2255 Motion to Vacate that was dismissed as time-barred, which is considered denial on the merits, and the Fourth Circuit denied authorization to file a second or successive petition pursuant to § 2255(h). Petitioner is alleging that he is entitled to relief under a retroactive change in the law and that Section 2255 is inadequate or ineffective to address the alleged fundamental sentencing error. Section 2255(e)'s savings clause therefore applies and

---

[2] The Fourth Circuit voted to rehear Surratt *en banc*, which vacated the prior panel decision, 797 F.3d 240 (4th Cir. 2015). However, the appeal was rendered moot after President Obama commuted Mr. Surratt's sentence. United States v. Surratt, 855 F.3d 218 (4th Cir. 2017).

4

the Court will consider Petitioner's claims pursuant to § 2241. [3] See Wheeler, 886 F.3d 415.

With regards to Count (1), Petitioner's sentence of imprisonment was commuted by President Obama and therefore his request for a sentence reduction is moot. See U.S. Const. Art. III, § 2 (judicial power of the federal courts only extends to cases and controversies); see, e.g., Surratt, 855 F.3d at 218, 219 (dismissing § 2241 habeas appeal as moot where President Obama commuted the sentence).

However, the United States now concedes that the § 922(g) conviction in Count (3) should be vacated because Petitioner does not have a qualifying predicate conviction for an offense punishable by a term exceeding a year in prison pursuant to Simmons. See (Doc. No. 14).

Section 922(g)(1) makes it unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to, *inter alia*, "possess in or affecting commerce, any firearm or ammunition…." The Fourth circuit held in Simmons that an offense is punishable by imprisonment by more than one year in prison only if the *particular defendant* could have received a sentence of more than one year. 649 F.3d at 247. This overruled precedent that held that an offense is punishable by more than a year in prison if *any defendant* could have received a sentence of more than a year for that offense. See United States v. Jones, 195 F.3d 205 (4th Cir. 1999); United States v. Harp, 406 F.3d 242 (4th Cir. 2005).

The PSR reveals that Petitioner's most serious prior offense was a North Carolina conviction for possession with intent to sell or deliver cocaine, a Class H felony. (3:01-cr-127, Doc. No. 31 at ¶ 39); N.C. Gen Stat. §§ 90-90(1)d., 90-95(a)(1), (b)(1). With a prior record level

---

[3] The Court concludes that it has venue over this § 2241 petition. Although Petitioner has now been released from BOP custody, the Government has failed to object to venue and the Court therefore deems the issue to be waived. See Rumsfeld v. Padilla, 542 U.S. 426, 442-43, 434 n.7 (2004) ("jurisdiction" in the context of § 2241(a) traditionally lies in the district of confinement, but is distinct from subject-matter jurisdiction); Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (§ 2241(a) refers to either venue or personal jurisdiction, both of which are subject to waiver).

of I, the maximum sentence that Petitioner could have received for that offense was eight months in prison. See N.C. Gen. Stat. § 15A-1340.17. Although that conviction was a qualifying § 922(g) predicate at the time of sentencing, it no longer qualifies as such under Simmons. The United States therefore correctly concedes that Petitioner qualifies for relief under § 2241 and that Count (3) should be vacated.

Petitioner's § 2241 Petition will therefore be denied as moot insofar as he requests a sentence reduction, but his challenge to the § 922(g) conviction will be granted and Count (3) will be vacated. His alternative claims for relief pursuant to writ of error *coram nobis* and *audita querela* will be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2241 Petition is denied as moot insofar as he seeks a reduced sentence and is granted insofar as he seeks vacatur of Count (3). His alternative claims for relief pursuant to writs of error *coram nobis* and *audita querela* are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence under Simmons: Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*, (Doc. No. 1), is **GRANTED** in part and **DENIED** in part as stated in this Order.

2. Petitioner's judgment and sentence for Count (3) are **VACATED**.

3. The Clerk is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

Signed: September 9, 2019

Richard L. Voorhees
United States District Judge